UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15CV-00042-JHM

MARIA E. BARBOUR                                                    PLAINTIFF

VS.

MENARD, INC.                                                          DEFENDANT

**MEMORANDUM, OPINION,
AND ORDER**

BACKGROUND

Plaintiff, Maria E. Barbour ("Barbour"), has moved the Court for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) (DN 42).  Defendant, Menard, Inc. ("Menard"), has filed an objection to the motion (DN 43).  Barbour's time for filing a reply has expired.  This matter is ripe for determination.

ARGUMENTS OF THE PARTIES

The original complaint alleges that Menard negligently maintained its store premises because a large rolled up carpet fell on Barbour while she and her daughter were shopping in the carpeting department (DN 1-1 PageID # 6-7).  Barbour seeks leave of Court to file an amended complaint that sets forth both her original claim of negligence and a new claim under the doctrine of *res ipsa loquitor* (DN 42-1).  More specifically, in paragraphs 13 through 16 the proposed amended complaint alleges the circumstances are sufficient to infer or presume that Menard was negligent under the doctrine of *res ipsa loquitor* (Id. at PageID # 185).

Barbour claims that she merely wants to amend the complaint to conform with the deposition testimony of a former Menard employee, Cody Flood (DN 42-3).  According to Barbour, Flood testified that he placed the carpet roll where it was standing prior to the accident, and he did not see Barbour or her daughter touch the roll before it fell on Barbour (DN 42-3).

Menard argues the proposed amended complaint is futile because *res ipsa loquitur* is not a legal claim that may be asserted in a complaint, instead it is a rule of evidence that allows a jury to infer negligence (DN 43).  Menard points out that Barbour does not need to include a claim of *res ipsa loquitur* in her complaint in order to present this theory of negligence (Id.).

## STANDARD OF REVIEW

The Court should freely give leave to amend "when justice so requires."  Fed.R.Civ.P. 15(a)(2).  In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility if the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss.  *See* Demings v. Nationwide Life Ins. Co., 593 F.3d 486, 490 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 691-92 (6th Cir. 2006); Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).  "The test, therefore, is whether the proposed amended pleading, with all the factual

allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." Cato v. Prelesnik, No. 1:08-cv-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010) (citing Rose, 203 F.3d at 420-21); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   Additionally, a proposed amendment will not survive a Rule 12(b)(6) motion to dismiss if no law supports the claim made.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## *RES IPSA LOQUITUR*

The issue is well settled within the Western District of Kentucky, *res ipsa loquitur* is a method of proving negligence, and the lack of inclusion within a complaint does not preclude a plaintiff from presenting the theory. *See* Honaker v. Innova, Inc. No. 1:04-CV-132(M), 2007 U.S. Dist. LEXIS 5918, at *4 (W.D. Ky. Jan. 26, 2007)[1].   In sum, the doctrine of *res ipsa* loquitur is not an independent claim.   Negligence is the claim, and an inference of *res ipsa*

---

1 As one district court explained:

> The Plaintiff also requests leave of Court to amend her complaint to include claims of res ipsa loquitur.   In this case, Honaker alleges claims against a pressure cooker manufacturer and retailer for injuries that Honaker experienced while using her pressure cooker in her own home.   The application of *res ipsa loquitur* "is predicated upon the conditions that the instrumentality which has produced the injury is within the exclusive possession, control and management of the person sought to be charged; that the accident is such as in the ordinary course of things does not happen if the person in control shows proper care; and that in the absence of explanation by the person sought to be charged, an inference or presumption is raised that the injury arose from, or was caused by, want of care." Reibert v. Thompson, 302 Ky. 688, 194 S.W.2d 974, 975-76 (Ky. 1946). *Res ipsa* is merely a standard of evidence, and is not a legal claim. DUAP AG v. United Exposition Service Co., 1988 U.S. Dist. LEXIS 3869, 1988 WL 40858, *5 (N.D. Ill. 1988); Tamura. Inc. v. Sanyo Electric, Inc., 636 F. Supp. 1065, 1067-68 (N.D. Ill. 1986)(overruled on other grounds).   Res ipsa loquitur is a method of proving negligence, and the lack of inclusion in Honaker's complaint does not preclude her from presenting the theory.

Honaker v. Innova, Inc. No. 1:04-CV-132(M), 2007 U.S. Dist. LEXIS 5918, at *3-4 (W.D. Ky. Jan. 26, 2007).

loquitur goes toward proof.   As such, a Court could offer no relief for a claim of *res ipsa* loquitur.  Therefore, the undersigned concludes that Barbour's proposed Amended Complaint is futile because the proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6).  <u>Rose</u>, 203 F.3d at 420.

ORDER

**IT IS HEREBY ORDERED** that Barbour's motion for leave to file an amended complaint (DN 42) is **DENIED**.

Copies:        Counsel